# United States Court of Appeals for the Federal Circuit

2010-5012

PETER H. BEER, TERRY J. HATTER, JR.,
THOMAS F. HOGAN, RICHARD A. PAEZ,
JAMES ROBERTSON, LAURENCE H. SILBERMAN,
A. WALLACE TASHIMA and U.W. CLEMON,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case no. 09-CV-037, Senior Judge Robert H. Hodges, Jr.

ON PETITION FOR HEARING EN BANC

Before MICHEL, Chief Judge, NEWMAN, MAYER, LOURIE, RADER, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, Circuit Judges.

PER CURIAM.

MICHEL, Chief Judge, with whom LOURIE and MOORE, Circuit Judges, join, dissents from the denial of the petition for hearing en banc.

NEWMAN, Circuit Judge, dissents from the denial of the petition for hearing en banc.

## O R D E R

A petition for initial hearing en banc or, in the alternative, a motion for summary affirmance[*] was filed by the Appellants. A response thereto was invited by the court and filed by the Appellee. A reply thereto was invited and filed by the Appellants. The

---

[*] Action on the motion for summary affirmance will issue in a separate order.

petition for initial hearing en banc and the motion for summary affirmance were referred to the circuit judges who are in regular active service. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)     The petition for initial hearing en banc is denied.

(2)     The motion for summary affirmance has been referred to the motions panel.


FOR THE COURT


 January 15, 2010                         /s/ Jan Horbaly              
          Date                                   Jan Horbaly
                                                 Clerk


cc:     Christopher Landau, Esq.
        Brian M. Simkin, Esq.

# United States Court of Appeals for the Federal Circuit

2010-5012

PETER H. BEER, TERRY J. HATTER, JR.,
THOMAS F. HOGAN, RICHARD A. PAEZ,
JAMES ROBERTSON, LAURENCE H. SILBERMAN,
A. WALLACE TASHIMA and U.W. CLEMON,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in Case No. 09-CV-037, Senior Judge Robert H. Hodges, Jr.

MICHEL, Chief Judge, with whom LOURIE and MOORE, Circuit Judges, join, dissenting from the denial of the petition for hearing en banc.

I dissent from the decision of the court to deny the petition of the plaintiffs-judges for en banc hearing. Because it presents constitutional issues of the Compensation Clause and the independence of the judiciary as a separate and equal Branch, this is clearly an appeal "of exceptional importance." See Fed. R. App. P. 35(a)(2). Further, there appears to be no meaningful consideration any panel of the court can give the appeal in light of the binding precedent of Williams v. United States, 240 F.3d 1019 (Fed. Cir. 2001). Unless this court agreed to hear this appeal en banc, it could do no more than rubber stamp the dismissal of the judges' complaint ordered by the Court of Federal Claims based on the

very same <u>Williams</u> precedent. I would have preferred that we shouldered our responsibility as the reviewing court for the Court of Federal Claims to consider the appeal on its merits, which requires revisiting <u>Williams</u>, whether or not we ultimately upheld it. In my view, our responsibility is in no way diminished because the case involves judicial pay, and hence self-interest, and presents constitutional issues that may be considered controversial. From the divided vote not to hear the appeal <u>en banc</u>, I therefore respectfully dissent.

# United States Court of Appeals for the Federal Circuit

2010-5012

PETER H. BEER, TERRY J. HATTER, JR.,
THOMAS F. HOGAN, RICHARD A. PAEZ,
JAMES ROBERTSON, LAURENCE H. SILBERMAN,
A. WALLACE TASHIMA and U.W. CLEMON,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in Case No. 09-CV-037, Senior Judge Robert H. Hodges, Jr.

NEWMAN, <u>Circuit Judge</u>, dissenting from denial of the petition for hearing <u>en banc</u>.

This case concerns the constitutional functioning of government, the balance of government power as affects the judicial branch. The appellants, all of whom are federal judges who had entered into service before 1989, state that Congress' repeated denials of the cost of living adjustments that had been legislated in 1989 are in violation of the Compensation Clause of Article III.[1] The Court of Federal Claims dismissed the complaint,

---

[1] U.S. Const. art. III, §1 ("The Judges . . . shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.").

deeming itself bound by the decision of this court in Williams v. United States, 240 F.3d 1019 (Fed. Cir. 2001).  The appellants acknowledge this precedent, but ask this court to hear this appeal en banc in order to reconsider our decision in Williams, citing the exceptional significance of the issues for our system of divided government.[2]  The constitutional principles and statutory relationships indeed strike at the foundation of our government's structure, and the Federal Circuit's 2001 decision—a split and controversial ruling—has been disturbed by ensuing events and subsequent Supreme Court authority.

This appeal presents a combination of the principles of separation of powers and judicial independence.  As stated in O'Donoghue v. United States, 289 U.S. 516, 531 (1933): "The anxiety of the framers of the Constitution to preserve the independence especially of the judicial department is manifested by the provision now under review, forbidding the diminution of the compensation of the judges of courts exercising the judicial power of the United States."  The Williams court did not fully consider these principles, for that case was decided solely on the ground that the result was controlled by the Supreme Court's decision in United States v. Will, 449 U.S. 200 (1980).  However, events since Williams was decided warrant hearing this appeal en banc, for they cast additional doubt on the correctness of the decision in Williams.  Thus I respectfully dissent from the court's denial of the requested hearing en banc.

***The issue in Williams***

The suit in Williams flowed from the enactment in 1989 of a statute that included

---

[2]      In accordance with Fed. R. App. Proc. 35(a), an appeal may be initially heard en banc either when the requested panel decision would conflict with binding precedent, or the case raises a question of exceptional importance.  For this appeal, both provisions are met.

provisions designed to ameliorate the increasing inequities in judges' compensation, resulting from periods of high inflation. Thus the Ethics Reform Act of 1989, Pub. L. No. 101-194, 103 Stat. 1716, established that the salaries of judges, members of Congress, and certain other senior government officials would be adjusted automatically in any year in which a cost-of-living adjustment was made for all federal civil servants under the General Schedule. The Act barred the receipt of honoraria from any source, and limited compensation in other areas such as teaching.

The judges have continued to comply with the restrictions set in the 1989 Act. However, for the 1995, 1996, 1997, and 1999 fiscal years, Congress enacted legislation barring the automatic cost-of-living adjustments established by the 1989 Act. These enactments led to the <u>Williams</u> case, the plaintiffs raising concerns of undue "linkage" with the political branches, and arguing that since the 1989 Act provided automatic adjustments for judges, Congress' blocking legislation effectively reduced the judges' salaries in violation of the Compensation Clause. Although the district court agreed with the plaintiffs, a split panel of the Federal Circuit held that the Court's decision in <u>United States v. Will</u> validated these blocking actions, and that no unconstitutional diminishment in judicial compensation occurred in any year in which Congress voided the cost-of-living adjustment before the start of the payment year. The panel majority rejected the plaintiffs' argument that the 1989 Act precluded such congressional action, and this court denied rehearing <u>en banc</u>, amid controversy.

These issues are again presented, this time by the Beer appellants, again raising fundamental issues of constitutional import that have never been addressed by the <u>en banc</u> court. It is our obligation to consider these issues, particularly in view of subsequent

events.

***Events after the Williams decision***

After our decision in <u>Williams</u> the Court decided <u>United States v. Hatter</u>, 532 U.S. 557 (2001), reviewing application of the Compensation Clause to legislation imposing certain taxes from which the judiciary had previously been exempt.  The Court in <u>Hatter</u> explained that the imposition of a new financial burden solely on judges affected the constitutional guarantee of judicial freedom from discriminatory legislative action:

> Were the Compensation Clause to permit Congress to enact a discriminatory law with these features, it would authorize the Legislature to diminish, or to equalize away, those very characteristics of the Judicial Branch that Article III guarantees—characteristics which, as we have said, the public needs to secure that judicial independence upon which its rights depend.  We consequently conclude that the 1983 Social Security tax law discriminates against the Judicial Branch, in violation of the Compensation Clause.

<u>Hatter</u>, 532 U.S. at 576.  The principles elaborated in <u>Hatter</u> have not yet been applied to the situation confronted in <u>Williams</u> and raised by the Beer appellants.

Another post-<u>Williams</u> event is relevant, a legislative enactment specific to judges. This statute, referred to by the parties as Section 140 (tracking its origin in a 1981 appropriations act) is as follows:

> Notwithstanding any other provision of law or of this joint resolution none of the funds appropriated by this joint resolution or by any other Act shall be obligated or expended to increase, after the date of enactment of this joint resolution, any salary of any Federal judge or Justice of the Supreme Court, except as may be specifically authorized by Act of Congress hereafter enacted: *Provided,* That nothing in this limitation shall be construed to reduce any salary which may be in effect at the time of enactment of this joint resolution nor shall this limitation be construed in any manner to reduce the salary of any Federal judge or of any Justice of the Supreme Court. This section shall apply to fiscal year 1981 and each fiscal year thereafter.

28 U.S.C. § 461 note.  This enactment, Pub. L. No. 107-77, tit. VI, §625 (Nov. 28, 2001), has been interpreted by the government as undoing the automatic cost-of-living provision in

the 1989 Ethics Act, and has been so implemented.  Thus judges do not receive a government-wide cost-of-living adjustment unless authorized by a specific act of Congress.  Congress did authorize such adjustment for several years, but not for the year 2007, and not for 2010.  The shift from the blocking legislation in the 1990s that grouped judges with members of Congress and other senior officials for the purpose of cost-of-living adjustments, which this court considered in Williams, to this 2001 enactment that isolates judges for differential treatment, raises new concerns in light of the Hatter Court's holding that discriminatory treatment of judges is prohibited by the Compensation Clause.  See Hatter, 532 U.S. at 561 ("the clause . . . does prohibit taxation that singles out judges for specially unfavorable treatment").

These ensuing events could not have been considered by the Williams court.  They appear to reflect continuing departure from constitutional principles, and to encroach on the fundamentals of judicial independence.  Judicial independence requires independence of thought, and independence from influence.  The Framers designed an elegant balance, implementing Hamilton's insight that "a power over a man's subsistence amounts to a power over his will."  The Federalist No. 79, at 472 (C. Rossiter ed. 1961), quoted in Hatter, 532 U.S. at 568.  All branches of government, indeed all citizens, share the responsibility of preservation of constitutional principles.

New issues do not diminish our obligation of zealous preservation of the fundamentals of the nation.  The question is not how much strain the system can tolerate; our obligation is to deter potential inroads at their inception, for history shows the vulnerability of democratic institutions.  As the Court pointed out in Hatter, the guarantees of "complete independence of the courts of justice" were deemed necessary "because the

Judiciary is 'beyond comparison the weakest of the three' branches of Government." 532 U.S. at 568 (quoting The Federalist No. 79, at 472).  Although judges may be uncomfortable in the role of debating our compensation, this court's decision in <u>Williams</u> has affected the entire judiciary.[3]  It behooves us to accept the appeal <u>en banc</u>.  From my colleagues' denial of the petition, I respectfully dissent.

---

[3]    Several states have become embroiled in similar controversy.  <u>See, e.g.</u>, <u>Jorgensen v. Blagojevich</u>, 811 N.E.2d 652 (Ill. 2004) (observing that the <u>Will</u> case that <u>Williams</u> relied on is distinguishable in a way that <u>Williams</u> did not recognize); <u>Larabee v. Governor of the State of N.Y.</u>, 880 N.Y.S.2d 256, 275 (App. Div. 2009) ("The Legislature, by subordinating the Judiciary to its whims and caprices in matters of salary adjustments, brings the Judiciary closer to the world of politics than is tolerable for the disinterested functioning of a court system that must act for 'the benefit of the whole people.'" (quoting <u>O'Donoghue</u>, 289 U.S. at 533)), <u>appeal pending</u>.